LAGESEN, P. J.
*111 Pursuant to ORS 663.220,[1] the University of Oregon petitions for review of an order of the Employment Relations Board (ERB) in this unfair labor practice case. In that order, ERB determined that the university violated its obligation under ORS 243.672(1)(e) to "bargain collectively in good faith" with respondent, the Service Employees International Union Local 503, Oregon Public Employees Union (SEIU), in how it responded to SEIU's requests for information related to ongoing grievances brought under the parties' collective bargaining agreement. ERB further ordered the university to cease and desist violating ORS 243.672(1)(e). The university contends that the information requested by SEIU consisted of student records protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and that its response to SEIU's request was justified in view of its obligations under FERPA to keep that information confidential. Under those circumstances, the university asserts, ERB was wrong to conclude that its withholding of the information violated its obligations under ORS 243.672(1)(e). On review for legal error, substantial evidence, and substantial reason, Portland Fire Fighters' Assn. v. City of Portland , 267 Or. App. 491, 498, 341 P.3d 770 (2014), we conclude otherwise and, therefore, affirm.
By way of background, as ERB explained in the order on review, it long has interpreted the statutory duty to bargain in good faith imposed on a public employer by ORS 243.672(1)(e) to encompass an obligation to promptly provide information relevant to a grievance to the exclusive representative:[2]
"It is well settled that a public employer's obligation to collectively bargain in good faith under ORS 243.672(1)(e)
*112 includes promptly providing an exclusive representative with requested information that has 'some probable or potential relevance to a grievance or other contractual matter.' Association of Oregon Corrections Employees v. State of Oregon, Department of Corrections , Case No. UP-7-98, 18 PECBR 64, 70 (1999)."
*781 That obligation, as construed by ERB, does not permit an employer to withhold information simply by asserting that the information is confidential. Rather, in such circumstances, an employer "must prove both a legitimate and substantial confidentiality interest, and that it pursued a good-faith accommodation to reconcile the conflict."
At issue in this case is the university's conduct in responding to SEIU's requests for information in connection with two grievances. One grievance pertained to the university's decision to terminate an employee based, in part, on information supplied by a student witness. The other grievance pertained to the university's decision to reprimand a different employee based on information supplied by student witnesses. In each case, SEIU requested information identifying the student witnesses, as well as copies of all documents and other items considered in making the particular disciplinary decisions. In response, the university refused to disclose the names of the student witnesses, contending that it had an obligation to keep that information confidential under FERPA. It also refused to provide all of the requested documents, and heavily redacted others, again invoking its obligations under FERPA to justify its withholding of the information. Later, several months after withholding the information pertaining to both grievances from SEIU, the university sought assistance from the federal agency charged with administering FERPA, the federal Family Policy Compliance Office (FPCO) of the Department of Education. The university withdrew its request for assistance with respect to one of the grievances after it settled, but eventually was advised by the FPCO that the documents at issue in the other matter were protected by FERPA.
Based on the university's handling of its requests for information, SEIU filed an unfair labor practices complaint with ERB, alleging that the university's withholding of the *113 information violated its obligations under ORS 243.672(1)(e). A hearing was held before an administrative law judge (ALJ). He determined that the withheld information was not protected by FERPA and that, as a result, the university violated ORS 243.672(1)(e) by not providing it to SEIU.
The university filed numerous objections to the ALJ's order with ERB. ERB held a hearing on the objections and, following that hearing, issued a final order concluding that the university had violated ORS 243.672(1)(e). ERB's rationale was different from the ALJ's. Unlike the ALJ, in evaluating whether the university's conduct violated its obligations under ORS 243.672(1)(e), ERB assumed without deciding that the withheld information was protected under FERPA. It nonetheless concluded that the university's conduct fell short of what was required under ORS 243.672(1) (e) because, in ERB's view, the university "has not satisfied its obligation to pursue a good-faith accommodation." ERB explained:
"Applying [the applicable] framework, we conclude that the University has not satisfied its obligation to pursue a good-faith accommodation regarding the requested information. Specifically, with respect to both the CB and RG matters, the University's first response to the at-issue requested documents was a flat refusal to provide the information on the ground that disclosure was precluded by FERPA. That response did not extend an accommodation to the Union or ask the Union to meet to try to work out an accommodation that would meet the Union's [Public Employee Collective Bargaining Act (PECBA) ] right to the information, as well as the University's concerns under FERPA. As set forth above, good-faith bargaining in these circumstances requires that the University pursue such an accommodation.
"Moreover, after the University secured a letter from FPCO that FERPA precluded the disclosure of some of the information (which could arguably justify the claimed conflict between FERPA and the PECBA, as well as a legitimate and substantial confidentiality interest), the University still did not pursue a good-faith accommodation regarding the requested information. In addition to the myriad of proposals or compromises that the University *114 could have suggested beyond FERPA, FERPA itself allows disclosure of otherwise protected information, with student consent. The University acknowledges that *782 it did not seek the consent of any of the at-issue students. With respect to one student, the University asserts that it might have been difficult or upsetting to ask for that consent. That it might have been discomfiting for the University to ask for that student's consent, however, does not excuse the University from seeking a basic accommodation.
"In short, we conclude that the University did not establish that it pursued a good-faith accommodation regarding the requested information. Consequently, we will hold that the University violated ORS 243.672(1)(e)."
(Footnotes omitted.) The university petitioned for judicial review.
Before us, the university generally does not dispute ERB's interpretation of ORS 243.672(1)(e). That is, the university does not contend that ERB erred in concluding that ORS 243.672(1)(e) required the university to supply SEIU with the requested information or pursue a good faith accommodation with SEIU with respect to information asserted to be confidential. Instead, in its first assignment of error, the university appears to challenge the ALJ's determination that the withheld information was not protected by FERPA.[3] In its second assignment of error, the university asserts that "ERB misapplied PECBA by ruling that the University must request student consent and waiver of their privacy rights under FERPA as part of the duty to accommodate under ORS 243.672(1)(e)." Neither of those asserted errors provides grounds for reversing ERB's order.
The university's first assignment of error largely attacks the ALJ's order, asserting that the ALJ erred in concluding that the records were not confidential under FERPA. But ERB did not reach the same conclusion in its order. Instead, ERB's order was predicated on the assumption that *115 the records were protected by FERPA. To the extent that the university can be understood to contend that ERB was required to decide the FERPA issue, and could not evaluate SEIU's unfair labor practice claim as it did-by assuming without deciding that the records were confidential under FERPA-the university has supplied no authority for the novel proposition that ERB erred in taking that approach to decision making. Thus, the university's first assignment of error does not demonstrate any error by ERB.
The university's second assignment of error, as SEIU points out, is based on a misreading of ERB's order. Contrary to the university's arguments, we do not understand ERB to have held that the university's obligation to pursue a good faith accommodation with SEIU with respect to FERPA-protected documents categorically includes the obligation to request student consent for the release of any such requested documents. We certainly can imagine circumstances, as the university posits, in which the university's request of student consent for disclosure might pose the type of risk to a student's well-being that would make it unreasonable to require a request as part of the university's obligation under ORS 243.672(1)(e) to pursue a good faith accommodation with SEIU. However, as we understand ERB's order, ERB identified the possibility of requesting student consent for disclosure as one of the many options available to the university to meet its obligation to accommodate SEIU's request, by way of illustrating the deficiencies in the university's efforts to accommodate SEIU here. In other words, as we understand ERB's order, ERB's decision ultimately turned on its conclusion that the efforts that the university made in this particular case were too minimal to meet its obligations under ORS 243.672(1)(e), and did not turn on a conclusion that ORS 243.672(1)(e), as a matter of law, required the university to seek student consent for release of FERPA-protected information in all cases in which SEIU requests such information. Thus, the university's second assignment of error does not establish any error by ERB.
*783 Finally, to the extent that the university contends that ERB erred in ways other than those captured in its *116 two express assignments of error, we reject those arguments without further written discussion.
Affirmed.

ORS 663.220(1) provides, in pertinent part:
"Any person aggrieved by a final order of the Employment Relations Board granting or denying in whole or in part the relief sought may obtain review of the order in the Court of Appeals by filing in the court a written petition praying that the order of the board be modified or set aside."

ORS 243.650(8) provides:
" 'Exclusive representative' means the labor organization that, as a result of certification by the board or recognition by the employer, has the right to be the collective bargaining agent of all employees in an appropriate bargaining unit."

The university's first assignment of error does not, on its face, identify an error by ERB. It states in full: "ERB did not decide 'whether some (or all) of the withheld documents are "education records" ' under FERPA, in violation of the Supremacy Clause." Its arguments in support of the assignment of error primarily attack the ALJ's determination that the records were not protected by FERPA.